Jones, J.
(dissenting). I cannot agree that defendant’s conviction should be affirmed.
Although I might agree that, had a timely application been made by the People under CPL 200.70 (subd 1), with notice to defendant (as is expressly required by the statute), the trial court would have had authority to amend the indictment in this case to charge defendant with stealing cocaine or drugs as well as, or instead of, “jewelry and money”, the prescriptions of that statute were not followed in this instance.
Defendant, an addict suffering from heroin withdrawal, testified by way of defense (in the nature of confession and avoidance) that, although he had been in the victim’s apartment and had taken property from her, the purpose and consequence of his conduct was to obtain cocaine and not to obtain either jewelry or money, both of which he denied taking. It was only after this testimony had been placed before the jury, and without any application for amendment of the indictment by the People, that the Trial Judge, in response to the question from the jury — “What *475 robbery charge is made for what items?” — over objection charged in supplemental instructions that the jury could convict defendant if they found that he stole cocaine rather than jewelry and money.
The Legislature has prescribed the procedure for accomplishing permissible amendment of indictments (CPL 200.70, subd 1). That procedure was not followed in this instance. Moreover, to permit such a critical change in the rationale of the prosecution and the proof required for conviction, after defendant had irretrievably committed himself and after the case had been submitted to the jury, in my view, constituted such a denial of defendant’s constitutional right to due process as to call for a reversal of his conviction and a remittal of the case for a new trial.
Chief Judge Cooke and Judges Wachtler, Fuchsberg and Meyer concur with Judge Jasen; Judge Gabrielli concurs in result only; Judge Jones dissents and votes to reverse in a separate opinion.
Order affirmed.